STUART F. DELERY
Principal Deputy Assistant Attorney General
ARTHUR R. GOLDBERG
Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W., Washington, DC 20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF OAKLAND,<br><br>Plaintiff,<br>v.<br><br>ERIC HOLDER, Attorney General of the United States; MELINDA HAAG, U.S. Attorney for the Northern District of California,<br><br>Defendants. | CASE NO. 3:12-cv-5245 (MEJ)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY OBLIGATIONS UNDER RULES 16 AND 26 OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT CONFERENCE DUE TO SCHEDULING CONFLICT**<br><br>Hearing Date: December 20, 2012<br>[As Requested in Motion for Order Shortening Time]<br>Time: 10:00 a.m.<br>Courtroom: B |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that December 20, 2012, at 10:00 a.m. (as requested by Defendants in their concurrently filed Motion to Shorten Time for briefing and hearing on this Motion), or as soon thereafter as counsel may be heard, defendants Eric Holder, Attorney General of the United States; and Melinda Haag, U.S. Attorney for the Northern District of California (collectively, "Defendants"), will bring the following Motion To Stay Obligations Under Rules 16 and 26 or, in the Alternative, to Continue Case Management Conference before

the Honorable Maria-Elena James, Chief Magistrate Judge, Courtroom B, at the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102.

Defendants move pursuant to Civil L.R. 16-2(d) and L.R. 7 for relief from the Case Management Schedule. Specifically, Defendants request that all obligations under Rules 16 and 26 in this action, including participation in a Case Management Conference, be stayed until the Court rules on Defendants' Motion to Dismiss, which among other things argues that this Court lacks subject matter jurisdiction over this action. In the alternative, Defendants request that the Case Management Conference currently scheduled for January 10, 2013, be continued in light of a conflict with another hearing scheduled for the same day. Undersigned counsel has conferred regarding this Motion with counsel for Plaintiff, who indicates that Plaintiff opposes this Motion. This motion is based on the Memorandum in Support, filed herewith, and the files and records of this case.

### RELIEF REQUESTED

Defendants seek an order staying the parties' obligations under Rule 16 and 26, including the Case Management Conference, until the Court rules on Defendants' Motion to Dismiss. In the alternative, Defendants seek an order continuing the Case Management Conference currently scheduled for January 10, 2013, to another date.

### STATEMENT OF ISSUE TO BE DECIDED

Whether the parties' obligations under Rules 16 and 26, including the Case Management Conference, should be stayed until the Court rules on Defendants' Motion to Dismiss. In the alternative, whether the Case Management Conference should be continued to another date in light of a scheduling conflict of undersigned counsel.

Dated:  December 10, 2012                    Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General
ARTHUR R. GOLDBERG
Assistant Director, Federal Programs Branch

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   /s/ Kathryn L. Wyer
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the Defendants*

Defendants' Notice of Motion and Motion to Stay Obligations Under Rules 16 and 26 or to Continue CMC
Case No. 3:12-cv-5245 (MEJ)

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to to Civil L.R. 16-2(d) and L.R. 7, Defendants move the Court to stay obligations under Rule 16 and Rule 26, including the obligation to hold a Case Management Conference, until after the Court rules on Defendants' Motion to Dismiss.

## INTRODUCTION

Plaintiff the City of Oakland has initiated this lawsuit in an effort to halt forfeiture proceedings that are underway in a separate action, *United States v. Real Property and Improvements Located at 1840 Embarcadero, Oakland, California* ("*1840 Embarcadero*"), No. CV 12-3567 (N.D. Cal.). The only relief sought by Plaintiff in this action is that the United States be enjoined from pursuing forfeiture of the property at issue in *1840 Embarcadero*, which is a property located in Oakland and is the business location of Harborside Health Center, which the United States has alleged is a marijuana dispensary that distributes marijuana in violation of the federal Controlled Substances Act, 21 U.S.C. §§ 841 and 856.

While the *1840 Embarcadero* forfeiture action was filed on July 9, 2012, Plaintiff did not file this action until October 10, 2012. On the response deadline, December 10, 2012, Defendants filed a Motion to Dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In Defendants' view, as argued in their Motion, this action is an inappropriate attempt to circumvent the standing requirements that would apply if Plaintiff sought to participate directly in the *1840 Embarcadero* forfeiture action, and the United States has not waived sovereign immunity for Plaintiff's claims. Defendants would be prejudiced if they are required to go forward with discovery obligations in this case before the Court determines whether it has subject matter jurisdiction. Defendants have therefore filed this Motion seeking to stay obligations under Rules 16 and 26, including the Case Management Conference, pending a ruling on Defendants' Motion to Dismiss.

In the alternative, because undersigned counsel has a scheduling conflict on January 10, 2013, with a hearing previously scheduled in another case on that date in Salt Lake City, Utah, Defendants seek to continue the Case Management Conference currently scheduled in this case for January 10.

Defendants' Notice of Motion and Motion to Stay Obligations Under Rules 16 and 26 or to Continue CMC
Case No. 3:12-cv-5245 (MEJ)

# ARGUMENT

## I. OBLIGATIONS UNDER RULES 16 AND 26 SHOULD BE STAYED UNTIL THE COURT RULES ON DEFENDANTS' MOTION TO DISMISS

The Court has inherent authority to control proceedings in the cases on its docket. Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248 254 (1936)). Among the factors to be considered in granting a stay are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation omitted).

A stay is warranted here because Defendants have filed a Motion to Dismiss that, among other things, raises significant questions about whether this Court has jurisdiction over this case. In particular, Defendants have argued that Plaintiff's claims, which seek to enjoin the United States from proceeding with the forfeiture of the *1840 Embarcadero* property, are barred by sovereign immunity because an adequate remedy already exists in the pending forfeiture action itself. Defendants' Motion should be decided before any discovery is allowed to take place. Otherwise, the United States may face discovery obligations with respect to claims for which it has not consented to be sued. The government would be significantly prejudiced by such a result. Indeed, the Supreme Court has recognized, in the context of a qualified immunity defense, that "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *See Siegert v. Gilley,* 500 U.S. 226, 231 (1991). Like the issues involved in a qualified immunity determination, the determination of sovereign immunity is purely a question of law that should be decided before the United States is subjected to any discovery obligations. *Cf. Vaupel v. United States*, No. 07-1443, 2008 WL 2333111, at *2 (D. Colo. June 3, 2008) ("Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved." (citing cases)).

In addition, the resources of the litigants and of this Court may be wasted if the parties are required to confer pursuant to Rule 16, and the Court holds a Case Management Conference, and it is utimately determined that this action should be dismissed pursuant to Rule 12(b)(1) or 12(b)(6).

Moreover, Plaintiff will suffer no prejudice or hardship as a result of the requested stay. In conferring regarding this Motion, counsel for Plaintiff has indicated Plaintiff's view that the Court may have determined that the Case Management Conference in this case should coincide with Case Management Conferences in the *1840 Embarcadero* forfeiture action as well as in another forfeiture action, *United States v. Real Property and Improvements Located at 2106 Ringwood Avenue, San Jose, California* ("*2106 Ringwood*"), No. 12-3566 (N.D. Cal.), to which the *1840 Embarcadero* action has been deemed "related."[1] However, the only prejudice that Plaintiff has identified has to do with its inappropriate effort to halt proceedings in these other cases despite the fact that, as Defendants have argued, it lacks standing to participate in those cases directly.

## II. IN THE ALTERNATIVE, THE JANUARY 10, 2013 CASE MANAGEMENT CONFERENCE SHOULD BE CONTINUED DUE TO A SCHEDULING CONFLICT OF DEFENDANTS' COUNSEL

In the alternative, even if the Court declines to stay Rule 16 and 26 obligations, Defendants request that the Case Management Conference, currently scheduled for January 10, 2013, be continued. Undersigned counsel for Defendants is scheduled to attend a hearing in another case, *Trentadue v. FBI*, No. 08-766 (D. Utah), in the United States District Court for the District of Utah, on the same day. Undersigned counsel would therefore be unable to participate in a Case Management Conference scheduled for January 10. Counsel for Plaintiff has indicated that he could be available on January 17, 2013. Undersigned counsel also has no conflict on that date.

## CONCLUSION

Accordingly, Defendants hereby request that all obligations under Rule 16 and 26, including attendance at the Case Management Conference currently scheduled for January 10, 2013, be stayed

---

[1] Counsel for Plaintiff has also indicated that, in response to this Motion, Plaintiff intends to seek a stay of the two forfeiture actions or to consolidate the two forfeiture actions with this action. Defendants will respond to any such motion after it is filed. It should, however, be noted that Defendants have concurrently filed an objection to this action being deemed "related" to the *2106 Ringwood* forfeiture action.

Defendants' Notice of Motion and Motion to Stay Obligations Under Rules 16 and 26 or to Continue CMC
Case No. 3:12-cv-5245 (MEJ)

1  pending the Court's ruling on Defendants' Motion to Dismiss. In the alternative, Defendants request that the Case Management Conference be continued until some time after January 10, 2013.

Dated:  December 10, 2012                    Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General
ARTHUR R. GOLDBERG
Assistant Director, Federal Programs Branch

 /s/ Kathryn L. Wyer
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the Defendants*

Defendants' Notice of Motion and Motion to Stay Obligations Under Rules 16 and 26 or to Continue CMC
Case No. 3:12-cv-5245 (MEJ)