1   CEDRIC C. CHAO (SBN 76045)
    CChao@mofo.com
2   S. RAJ CHATTERJEE (SBN 177019)
    SChatterjee@mofo.com
3   SETH A. SCHREIBERG (SBN 267122)
    SSchreiberg@mofo.com
4   TARYN S. RAWSON (SBN 277341)
    TRawson@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone: 415.268.7000
7   Facsimile: 415.268.7522

8   BARBARA J. PARKER, City Attorney (SBN 69722)
    BParker@oaklandcityattorney.org
9   AMBER MACAULAY, Deputy City Attorney (SBN 253925)
    AMacaulay@oaklandcityattorney.org
10  One Frank H. Ogawa Plaza, 6th Floor
    Oakland, California 94612
11  Telephone: 510.238.3601
    Facsimile: 510.238.6500

12
    Attorneys for Plaintiff City of Oakland
13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15

16  CITY OF OAKLAND,                        No. CV 12-5245 MEJ

17                  Plaintiff,              Related Cases: No. CV 12-3566 MEJ
                                                           No. CV 12-3567 MEJ
18         v.
                                            **CITY OF OAKLAND'S**
19  ERIC HOLDER, Attorney General of the
    United States; and MELINDA HAAG, U.S.   **(1) OPPOSITION TO**
20  Attorney for the Northern District of   **GOVERNMENT'S "MOTION TO**
    California,                             **STAY OBLIGATIONS UNDER RULES**
21                                          **16 AND 26"; AND**
                    Defendants.
22                                          **(2) COUNTER-MOTION TO STAY**
                                            **THE FORFEITURE PROCEEDINGS**
23                                          **IN THEIR ENTIRETY, OR, IN THE**
                                            **ALTERNATIVE, TO CONSOLIDATE**
24                                          **THE THREE ACTIONS FOR**
                                            **DISCOVERY AND ADR**
25
                                            Hearing Date:  TBD
26                                          [Government Motion for Order Shortening
                                            Time Requested December 20, 2012]
27                                          Time:  10:00 am
                                            Courtroom: B, Hon. Maria-Elena James
28

CITY OF OAKLAND'S OPPOSITION TO GOVERNMENT'S MOTION TO STAY ITS FRCP OBLIGATIONS;
CITY OF OAKLAND'S COUNTER -MOTION
sf-3228844

1    **OPPOSITION AND NOTICE OF COUNTER-MOTION**

2    TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3           PLEASE TAKE NOTICE that on December 20, 2012, at 10:00 a.m. (as requested by the

4    Defendants in its "Motion to Stay Obligations under Rules 16 and 26 or, in the Alternative, to

5    Continue Case Management Conference" and concurrently filed Motion to Shorten Time), or on

6    such date as the matter may be set for hearing by the Honorable Maria-Elena James in Courtroom

7    B, United States District Court for the Northern District of California, 450 Golden Gate Avenue,

8    San Francisco, CA, Plaintiff City of Oakland ("Oakland") shall and hereby does oppose

9    Defendants' "Motion to Stay Obligations under Rules 16 and 26 or, in the Alternative, to

10   Continue Case Management Conference."  Oakland also shall and hereby does move the Court

11   for an order staying the related case *United States v. Real Property and Improvements Located at*

12   *1840 Embarcadero, Oakland, California*, No. CV 12-3567 MEJ (the "*Harborside Action*"), and

13   the case *United States v. Real Property and Improvements Located at 2106 Ringwood Avenue,*

14   *San Jose, California*, No. CV 12-3566 MEJ (the "*San Jose Action*"), in their entirety, or in the

15   alternative, consolidating the *Harborside Action* and the *San Jose Action* with *Oakland v. Holder*

16   for purposes of discovery and ADR, and schedule the *Oakland v. Holder* action for trial first.

17           Oakland's Opposition and Counter-Motion are based on this Notice of Opposition and

18   Counter-Motion, the supporting Memorandum of Points and Authorities, the Declaration of

19   Cedric C. Chao and Exhibits 1-3 thereto, and such other written materials and oral argument as

20   may be presented at or before the hearing on these Motions.

21   **RELIEF REQUESTED**

22           The City of Oakland seeks an order denying Defendants' "Motion to Stay Obligations

23   under Rules 16 and 26 or, in the Alternative, to Continue Case Management Conference."

24           The City of Oakland seeks an order staying the *Harborside Action* and the *San Jose*

25   *Action* in their entirety until the merits of the City of Oakland's claims in this action have been

26   fully and finally adjudicated or, in the alternative, an order consolidating the *Harborside Action*

27   and the *San Jose Action* with *Oakland v. Holder* for the purposes of discovery and ADR, with

28   *Oakland v. Holder* scheduled for trial first.

CITY OF OAKLAND'S OPPOSITION TO GOVERNMENT'S MOTION TO STAY ITS FRCP OBLIGATIONS;
CITY OF OAKLAND'S COUNTER -MOTION
sf-3228844

1

1

**STATEMENT OF ISSUES TO BE DECIDED**

2      1.  Whether the Court should deny Defendants' "Motion to Stay Obligations under Rules

3  16 and 26 or, in the Alternative, to Continue Case Management Conference."

4      2.  Whether the Court should stay the *Harborside Action* and the *San Jose Action* in their

5  entirety until the merits of the City of Oakland's claims in this action have been fully and finally

6  adjudicated.  Alternatively, whether the *Harborside Action* and *San Jose Action* should be

7  consolidated with *Oakland v. Holder* for the purposes of discovery and ADR, with *Oakland v.*

8  *Holder* scheduled for trial first.

9

10  Dated: December 14, 2012            Respectfully submitted,

11                                      MORRISON & FOERSTER LLP

12                                      OAKLAND CITY ATTORNEY'S OFFICE

13

14                                      By   /s/ Cedric Chao
                                                Cedric Chao
15
                                        Attorneys for Plaintiff
16                                      CITY OF OAKLAND

17

18

19

20

21

22

23

24

25

26

27

28

**<u>INTRODUCTION</u>**

The Court should deny the government's motion to stay its obligations under Federal Rules of Civil Procedure 16 and 26, and to continue the long-scheduled Case Management Conference ("CMC") in *Oakland v. Holder*.  The government's motion to stay is a transparent tactic to delay this action in order to achieve a shuttering of the Harborside Health Services through the related *Harborside Action before* Oakland's claims in *Oakland v. Holder* can be adjudicated.  As explained in Oakland's Motion to Stay the Landlords' "Motions for Order Prohibiting Unlawful Use of Defendant Property" in Related Cases and its Reply in support of that Motion (*see* Dkt. Nos. 16 and 27), Oakland challenges the government's forfeiture proceedings as beyond the government's authority to enforce the Controlled Substances Act.  If Oakland prevails in this action, the *Harborside Action* will be invalid and enjoined.  To avoid prejudice to Oakland and its citizens, and to avoid the injustice of the government escaping judicial scrutiny, this action should be *expedited* and resolved *first*, not delayed.

The government's recently-filed Motion to Dismiss based on purported sovereign immunity does not justify a stay.  As will be fully addressed in Oakland's response to the government's Motion to Dismiss, the government has waived sovereign immunity here.  Oakland has standing to bring claims to address its economic, regulatory, and public health and safety interests.

Efficiency and the orderly course of justice also warrant denying the government's motion to stay.  The Court has already ruled that *Oakland v. Holder* is related to the *Harborside Action*, that the two forfeiture actions are related to each other and that the CMCs for all three actions should be heard simultaneously.  Oakland agrees with the Court's judgment, and the government has no justification for undercutting the Court's order.

To date, the government has repeatedly refused to meet and confer as required by Rule 26(f) and by this Court's Standing Order (entered October 10 (Dkt. No. 3)), despite multiple requests by Oakland.  (*See* Declaration of Cedric Chao: (1) in Opposition to Government's "Motion to Stay Obligations under Rules 16 and 26"; and (2) in Support of Oakland's Counter-Motion to Stay the Forfeiture Proceedings in Their Entirety, or, in the Alternative, to Consolidate

1   the Three Actions for Discovery and ADR ("Third Chao Decl.") at ¶¶ 2-4.)  The government's

2   refusal to honor its obligations should not be rewarded with a stay.

3        For the reasons stated herein and in Oakland's Motion to Stay Landlords' Motions and in

4   Oakland's Reply in support of that Motion (Dkt. Nos. 16 and 27), the Court should stay the

5   forfeiture proceedings *in their entirety* until Oakland's claims are fully and finally adjudicated.

6   Alternatively, the Court should consolidate the three actions for discovery and ADR, while

7   allowing *Oakland v. Holder* to proceed to trial first.

8   

9   **ARGUMENT**

10  **I.    THE GOVERNMENT'S REQUEST FOR A STAY OF ITS RULE 16 AND RULE 26 OBLIGATIONS SHOULD BE DENIED**

11       While the Court has authority to manage its docket and to stay discovery, *Landis v. North*

12  *American Co.*, 299 U.S. 248, 254 (1936), staying the mandatory meet and confer process and the

13  initial CMC is unwarranted and unwise here.  The government suggests that once it raises the

14  defense of sovereign immunity, a stay is automatic.  Not so.  The Court must "weigh[] a series of

15  competing interests: [1] the possible damage which may result from the granting of a stay, [2] the

16  hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly

17  course of justice measured in terms of the simplifying or complicating of issues, proof, and questions

18  of law which could be expected to result from a stay." *Fuller v. AmeriGas Propane, Inc.*, 2009 U.S.

19  Dist. LEXIS 71413, at *4 (N.D. Cal. Aug. 3, 2009) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268

20  (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)).  The *Landis* factors support denying the

21  government's motion for a stay here.

22       Indeed, stays of discovery are disfavored.  They tend to "interfere with judicial efficiency

23  and cause unnecessary litigation in the future." *In re Apple In-App Purchase Litig.*, 2012 U.S.

24  Dist. LEXIS 18970 (N.D. Cal. 2012).  A motion to stay should be denied where "pending

25  discovery requests . . . are not especially burdensome" and "staying discovery would only further

26  delay resolution of the case if the motion to dismiss is denied." *Schoppe-Rico v. Lewis*, 2012 U.S.

27  Dist. LEXIS 103192, 3-4 (N.D. Cal. 2012).  Indeed, the "requirement that the parties confer to

28  develop a discovery plan may be the single most important provision in the discovery architecture

CITY OF OAKLAND'S OPPOSITION TO GOVERNMENT'S MOTION TO STAY ITS FRCP OBLIGATIONS;
CITY OF OAKLAND'S COUNTER -MOTION
sf-3228844

4

1   of Rule 26 . . . and courts should be rigorous in enforcing the conference requirement." 6-26

2   Moore's Federal Practice - Civil § 26.143 (citing Fed. R. Civ. Pro. 26 advisory committee's note

3   (2000)).

4           **A.      Oakland Will Be Prejudiced by a Stay of Discovery and of the CMC**

5           Any delay to this action will prejudice Oakland's case. Oakland's complaint raises

6   serious questions about the legality of the attempted forfeiture in the *Harborside Action*, as well

7   as issues of compelling public interest, including the impact that depriving patients of their

8   medicine will have on their health and welfare and on Oakland's serious public safety challenges.

9   (*See* Dkt. No. 27-3, Declaration of Mayor Jean Quan, ¶¶ 6-11.) If Oakland prevails in this action,

10  then the attempted forfeiture in the *Harborside Action* will be declared illegal, and enjoined. Yet

11  the government is attempting to delay this action and speed up efforts to shutter Harborside in the

12  *Harborside Action* in order to escape judicial scrutiny of its illegal conduct. Closing *Harborside*

13  before Oakland's claims can be finally adjudicated would be a grave injustice to Oakland and will

14  harm tens of thousands of medical patients. The government's motion to stay compounds that risk

15  of injustice by seeking to stay the government's Rules 16 and 26 obligations and the CMC, thereby

16  delaying this action.

17          The government has already prejudiced Oakland by refusing to meet and confer and by

18  bringing its motion to stay at the last minute. Federal Rule of Civil Procedure 26(f) provides that

19  the parties "*must* confer as soon as practicable." Fed. R. Civ. Pro. 26(f) (emphasis added). This

20  Court's Order instructed the parties to complete the meet and confer process by December 20,

21  and to confer, among other things, regarding initial disclosures, early settlement, ADR process

22  selection, a discovery plan, and any "other matters as may facilitate the just, speedy and

23  inexpensive disposition of this matter." (Dkt. No. 3). The government has flouted the Court's

24  order.

25          On November 9, 2012, counsel for the City of Oakland sent the government's counsel Ms.

26  Kathryn Wyer a letter initiating the meet and confer process under Rule 26(f), offering not only to

27  meet by phone on November 27 or 28, but also to meet in person in Washington D.C. on

28  November 19 or 20. Ms. Wyer refused. On November 23, the undersigned counsel called Ms.

1   Wyer to, among other things, renew Oakland's request to meet and confer.  The government's

2   counsel again refused.  On December 9, 2012, the undersigned proposed times to meet and confer

3   on seven different dates, including December 10, 11, 13, 14, 17, 18, and 19.  (*See* Third Chao

4   Decl. ¶¶ 2-4 and Ex. 1-3 thereto.  Again, the government's counsel refused.

5          The government's refusal to meet and confer has obstructed the progress of this action

6   while the government continues to threaten and pressure landlord Chretien to close Harborside in

7   the *Harborside Action*.  This Court should "exercise [its] power to assure that counsel and the

8   parties take their obligations at the discovery conference seriously, and should not tolerate half-

9   hearted compliance with the letter or spirit of the Rule 26(f) discovery conference requirement."

10  6-26 Moore's Federal Practice - Civil § 26.143.

11                **B.       The Government Will Not Be Prejudiced by the Denial of Its
                             Requested Stay**

12

13         The government's sole basis for seeking a stay is its erroneous contention that the

14  government has not waived sovereign immunity, an argument the government raised for the first

15  time on December 10, 2012.  This argument is wrong, and Oakland will fully address it on the

16  merits in response to the government's motion to dismiss.  Indeed, the government cites no

17  authority that prohibits *non-claimants*, such as Oakland, from filing a lawsuit to redress an

18  independent cognizable injury when the government illegally enforces the Controlled Substances

19  Act through civil forfeiture proceedings.  The government's argument contradicts the very

20  purpose of the Administrative Procedures Act, 5 U.S.C. § 701 *et. seq.*— to ensure the executive

21  branch respects the limits of its authority.

22                **C.       Coordinating the Case Management Conferences in the Three Related
                             Actions Will Promote the Efficient Resolution of this Case**

23         The Court has already ruled that it is more efficient to hold the CMCs for all three actions

24  simultaneously.  (Dkt. No. 10).  The Court has related *Oakland v. Holder* to the *Harborside*

25  *Action*, and the *Harborside Action* to the *San Jose Action*.  (Dkt. No. 4; *Harborside Action*, Dkt.

26  No. 18.)  Oakland agrees that it is economical and just to coordinate the CMCs in all three

27  actions.  The government's motion to continue the CMC in this case should be denied because it

28  undercuts the Court's Order, threatens to fracture the coordinated proceedings, and will impede

City of Oakland's Opposition to Government's Motion to Stay its FRCP Obligations;
City of Oakland's Counter -Motion
sf-3228844                                                                                              6

1    orderly resolution of the serious issues here.

2

3    **II.      THE CASE MANAGEMENT CONFERENCES OF ALL RELATED CASES SHOULD OCCUR ON THE SAME DATE**

4            In the alternative to staying the CMC, the government seeks to continue the CMC to

5    accommodate government counsel's schedule.  Yet, the government has known of the Court's

6    Order setting the CMC in this action since October 10, when Defendant U.S. Attorney Melinda

7    Haag was served by hand.  (Dkt. No. 7.)  Defendant Attorney General Eric Holder was served by

8    hand on October 11.  (Dkt. No. 8.)  Further, the government has known that the Court intends to

9    hear the CMCs in all three related cases on the same date since October 31, when Ms. Wyer was

10   served with the Court's scheduling Order.  (Dkt. Nos. 10, 12.)  Yet government counsel waited 58

11   days to announce that she has a competing court obligation in Utah.  If the Utah obligation was

12   pre-existing, the government should not have waited so long to notify Oakland's counsel and the

13   Court of the asserted conflict.  And if the Utah obligation arose after October 10, the government

14   should ask the Utah court for a continuance instead of inconveniencing the Court and the multiple

15   parties in the three related cases.

16           The Court has determined that it is most efficient to hold CMCs for all three actions

17   simultaneously. (Dkt. No. 10.)  Oakland urges that the three CMCs continue to be scheduled for

18   the same day.  To the extent the Court is inclined to accommodate the government's asserted

19   scheduling conflict, Oakland requests that the CMCs for *all three* related cases be similarly

20   rescheduled and held on the same date — one that is convenient for all parties.  Regardless, the

21   Government is obligated to meet and confer by December 20, and the Court should not allow

22   government counsel to escape her obligations.

23

24   **III.     THE FORFEITURE ACTIONS SHOULD BE STAYED *IN THEIR ENTIRETY*, OR, IN THE ALTERNATIVE, *OAKLAND v. HOLDER* SHOULD BE CONSOLIDATED WITH THE FORFEITURE ACTIONS FOR THE PURPOSES OF DISCOVERY AND ADR**

25

26           The government's motion to stay highlights the need to either (a) stay the two forfeiture

27   actions *in their entirety* (including staying the landlords' pending motions) until the Oakland's

28   challenge to the government's forfeiture action has been fully and finally adjudicated, or (b)

1    consolidate the two forfeiture actions with *Oakland v. Holder* for the purposes of discovery and

2    ADR, with *Oakland v. Holder* proceeding to trial before the forfeiture actions.  For the reasons

3    stated in Oakland's Motion to Stay Landlords' Motions and its Reply in support of that Motion

4    (Dkt. Nos. 16 and 27), the Court should stay the forfeiture actions in their entirety until *Oakland*

5    *v. Holder* has been finally adjudicated.  Absent this relief, the tension between the needs of

6    Oakland and its citizens for an orderly resolution of the serious economic, public health, welfare

7    and safety issues raised by *Oakland v. Holder*, on the one hand, and the government's ongoing

8    efforts to escape judicial scrutiny of its actions, on the other hand, is likely to bedevil the Court.

9                    **A.       The Forfeiture Actions Should Be Stayed *in Their Entirety***

10           As the government's filings show, if given the opportunity, the government will delay

11   *Oakland v. Holder* until the *Harborside Action* is concluded or until it effectively shutters Harborside

12   — all in an attempt to moot Oakland's claims and to avoid judicial scrutiny of its illegal enforcement

13   action.  Yet, the government does not deny that if Oakland is correct that the *Harborside Action* is

14   illegal, then that action must be dismissed, and all pending motions in that action vacated as moot.

15   Similarly, if Oakland is correct that the government has exceeded its authority, then it would be

16   profoundly unjust for the government to have leveraged an illegal enforcement action to close

17   Harborside.  Accordingly, the orderly resolution of issues in the coordinated proceedings, judicial

18   efficiency, avoiding the risk of inconsistent rulings, preventing prejudice to Oakland (and its citizens

19   and medical patients), the lack of harm to the government, and the public interest favor a stay of the

20   two forfeiture proceedings *in their entirety* until *Oakland v. Holder* is fully and finally adjudicated.

21           **B.       In the Alternative, *Oakland v. Holder* Should Be Consolidated for**
              **Purposes of Discovery and ADR, with this Action Proceeding to Trial**
22            **First**

23           In the alternative, the Court should consolidate the two forfeiture actions with *Oakland v.*

24   *Holder* for the purposes of discovery and ADR, with *Oakland v. Holder* to proceed to trial first.

25   Where "actions involving a common question of law or fact are pending before the court, it . . .

26   may order all the actions consolidated."  Federal Rule of Civil Procedure 42(a); *Pierce v. County*

27   *of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has "broad"

28   discretion to consolidate actions").  In determining whether to consolidate cases, the court should

1   "weigh the interest of judicial convenience against the potential for delay, confusion and

2   prejudice." *Kamakahi v. Am. Soc'y for Reprod. Med.*, 2012 U.S. Dist. LEXIS 34563 (N.D. Cal.

3   Mar. 13, 2012).

4       Judicial convenience counsels for consolidating the forfeiture actions with *Oakland v.*

5   *Holder* for purposes of discovery and ADR.  (*See* Dkt. 23 at 2:6-7 "Defendants acknowledge that

6   the above-captioned action does seek relief related to the same property at issue in *1840*

7   *Embarcadero*.")  The Court has already determined under a similar standard that the two

8   forfeiture actions are related to each other, as are the *Harborside Action* and *Oakland v. Holder*.

9   The factual issues requiring discovery are likely to overlap as Oakland's claims based on the

10  statute of limitations and equitable estoppel overlap with affirmative defenses raised by the

11  claimant Harborside in the *Harborside Action*.  And, any settlement process would be fruitless if

12  it did not include all interested parties.  Consolidating these actions would also ensure that the

13  cases proceed on the same timeline and avoid inconsistent rulings.

14      *Oakland v. Holder* should proceed to trial first because the *Harborside Action* will be

15  moot if Oakland prevails in this action.

16  ## CONCLUSION

17      The City of Oakland requests that Defendants' Motion to stay its obligations under Rules

18  16 and 26, including attendance at the Case Management Conference currently scheduled for

19  January 10, 2013, be denied.  The government must stop evading its obligations under the Federal

20  Rules of Civil Procedure and under this Court's orders, and must meet and confer no later than

21  December 20.

22

23

24

25

26

27

28

CITY OF OAKLAND'S OPPOSITION TO GOVERNMENT'S MOTION TO STAY ITS FRCP OBLIGATIONS;
CITY OF OAKLAND'S COUNTER -MOTION
sf-3228844

9

1    The City of Oakland requests that its Counter-Motion to stay the *Harborside Action* and

2    the *San Jose Action* in their entirety until the merits of the City of Oakland's claims in this action

3    have been finally adjudicated be granted, or in the alternative, that the Court consolidate the

4    *Harborside Action* and the *San Jose Action* with *Oakland v. Holder* for purposes of discovery and

5    ADR, and schedule the *Oakland v. Holder* trial first.

6    Dated: December 14, 2012                    Respectfully submitted,

7                                                MORRISON & FOERSTER LLP

8                                                OAKLAND CITY ATTORNEY

9

10                                               By   /s/ Cedric Chao
                                                     Cedric Chao
11
                                                 Attorneys for Plaintiff
12                                               CITY OF OAKLAND

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CITY OF OAKLAND'S OPPOSITION TO GOVERNMENT'S MOTION TO STAY ITS FRCP OBLIGATIONS;
CITY OF OAKLAND'S COUNTER-MOTION
sf-3228844

10