UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| CITY OF OAKLAND, | No. C 12-05245 MEJ |
| Plaintiff, | Related Cases: No. C 12-3566 MEJ |
| v. | No. C 12-3567 MEJ |
| ERIC HOLDER, Attorney General of the United States; and MELINDA HAAG, U.S. Attorney for the Northen District of California, | **PRELIMINARY QUESTIONS FOR JANUARY 31, 2013 ORAL ARGUMENT** |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff City of Oakland's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). Dkt. No. 24. The Motion is set for hearing before the Court on January 31, 2013. The Court has thoroughly reviewed the parties' briefs and cited authorities. To assist counsel in their preparation for the hearing, the Court presents the following questions to counsel to guide them in their argument. The following questions represent key points raised in the parties' briefs that require clarification, but are not exclusive.

1. There appears to be some dispute regarding which provisions of the Administrative Procedure Act authorize Oakland's claims. As an initial matter, Oakland should clarify this point.

    Relatedly, in ¶ 7 of its Complaint, Oakland alleges that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702. Oakland further alleges that it seeks a declaratory judgment and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Administrative Procedure Act, 5 U.S.C. §§ 702, 706. If the

Court finds that Oakland cannot proceed with its claims under the APA, can Oakland's claims proceed under the Declaratory Judgment Act?

2. With respect to APA § 704's requirement that there be no adequate remedy in court, is it sufficient that a judicial remedy simply exists, or must the plaintiff actually be able to avail itself of the remedy for it to be adequate?

3. For Oakland: The Government argues that allowing individuals who lack standing to be a claimant under Supplemental Rule G(5) to collaterally attack a forfeiture proceeding by filing an APA claim renders Rule G's standing requirements meaningless and allows individuals to avoid the time limit for filing a claim. What is Oakland's response? The Government also contends that accepting Oakland's argument would mean that any individual who may be affected by the forfeiture could seek to challenge it pursuant to the APA. Where is the line drawn at who may then challenge a forfeiture proceeding? For instance, could a company that manufactures and sells articles used to smoke marijuana to Harborside's customers and whose business would potentially be disrupted if Harborside can no longer operate also bring an APA claim challenging the forfeiture proceeding?

4. How does Oakland respond to the Government's argument that several decisions have recognized that the forfeiture scheme provides the exclusive means to challenge forfeiture proceedings, thereby precluding review under the APA? *See* Reply at 8.

5. The Government argues that Oakland has failed to cite any decision recognizing that the filing a civil complaint constitutes final agency action for purposes of § 704 of the APA. Oakland does, however, cite *Athlone Indus., Inc. v. Consumer Prod. Safety Comm'n*, 707 F.2d 1485, 1489 n.30 (D.C. Cir. 1983), for the proposition that filing an administrative complaint constitutes final agency action.

For the Government: How does the Government distinguish this case (*i.e.*, what is the practical difference between the filing of an administrative complaint and the filing of a civil complaint)?

For Oakland: If filing a civil complaint constitutes final agency action, doesn't that open every civil action that an agency files to a collateral attack under the APA?

6. With respect to the statute of limitations claim, Defendants and Oakland each rely on one case in support of their respective position. The provisions of the Controlled Substances Act that form the basis of the *1840 Embarcadero* action do not prohibit operation of a marijuana dispensary, but prohibit the discrete acts that are necessary for the operation of a marijuana dispensary. As a result, is this case more akin to *Suffield Terrace* than *$515,060*?

7. Oakland argues that "the Government's forfeiture complaint was pled as a 'continuing business' whose operations violate the CSA," and that the Government failed to allege any particular sale in the forfeiture complaint. How does the Government respond?

8. Does the Government's challenge to Oakland's estoppel claim raise factual issues that go beyond the scope of a 12(b)(6) motion?

**IT IS SO ORDERED.**

Dated: January 30, 2013

_____
Maria-Elena James
United States Magistrate Judge