UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| CITY OF OAKLAND,<br><br>               Plaintiff,<br><br>   v.<br><br>ERIC HOLDER, Attorney General of the United States; MELINDA HAAG, U.S. Attorney for the Northern District of California,<br><br>               Defendants.<br>_____/ | No. C 12-05245 MEJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>**[Docket No. 24]** |

## I. INTRODUCTION

Pending before the Court is Defendants United States Attorney General Eric Holder and United States Attorney for the Northern District of California Melinda Haag's Motion to Dismiss Plaintiff City of Oakland's Complaint. Dkt. No. 24. Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over this action because the United States has not waived sovereign immunity for Plaintiff's Administrative Procedures Act ("APA") claims. Alternatively, Defendants move to dismiss this action pursuant to Rule 12(b)(6) on the ground that Plaintiff's statute of limitations and estoppel challenges to the forfeiture proceeding fail to state claims upon which the Court may grant relief. On January 31, 2013, the Court held a hearing on Defendants' Motion. After carefully considering the parties' written submissions, controlling authorities, and oral argument presented, the Court finds that Plaintiff has failed to establish that the jurisdictional requirements for judicial review under the APA are satisfied and therefore **GRANTS** Defendants' Motion.

## II.  BACKGROUND

On July 9, 2012, the United States filed a civil *in rem* forfeiture action pursuant to 21 U.S.C. § 881(a)(7) against the real property and improvements located at 1840 Embarcadero, Oakland, California (*United States v. Real Property and Improvements Located at 1840 Embarcadero, Oakland, California*, Case No. C 12-3567).  In its Complaint for forfeiture, the United States alleges that the defendant real property is the business location of Harborside Health Center, a retail marijuana store that distributes marijuana in violation of the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 841 and 856.  Compl. ¶¶ 10-12, 22-23, Case No. C 12-3567, Dkt. No. 1.  Based on the alleged violations of the CSA, the United States asserts that the defendant real property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) as property which was used or intended to be used to commit or facilitate the commission of the distribution, cultivation and possession with the intent to distribute and cultivate marijuana.  *Id*. ¶ 25.

Pursuant to 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Actions, "a person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."  Fed. R. Civ. P. Supp. R. G(5)(a)(i).  Rule G(5)(a)(ii) sets forth the deadlines for filing a claim, depending on whether notice of the forfeiture action was accomplished either directly or through publication.  In the *1840 Embarcadero* action, the United States served direct notice on certain potential claimants and provided notice by publication on an official government forfeiture website starting on July 11, 2012.  *See* Proof of Publication of Notice of Forfeiture Action, Case No. C 12-3567, Dkt. No. 46.  Accordingly, pursuant to Rule G(5)(a)(ii), any claim related to the forfeiture action by anyone who did not receive direct notice was due no later than September 10, 2012.  Plaintiff did not file a claim in the *1840 Embarcadero* action.

Thereafter, on October 10, 2012, Plaintiff filed the instant action, seeking a "declaratory judgment that Defendants and any agency under their authority have no right to seek civil forfeiture of the real property located at 1840 Embarcadero, Oakland, California based on purported violations of the Controlled Substances Act," as well as injunctive relief prohibiting Defendants "from seeking

forfeiture of the real property located at 1840 Embarcadero, Oakland, California . . . ." Compl. at 15.

Defendants now move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or, alternatively, for failure to state an actionable claim pursuant to Rule 12(b)(6). Because the issue of subject matter jurisdiction is dispositive, the Court turns to Defendants' 12(b)(1) challenge first.

### III. DISCUSSION

**A. Legal Standard**

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Concurrently, the principle of sovereign immunity limits the subject matter jurisdiction of federal courts. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. *Id.* (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)).

Rule 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A party moving to dismiss pursuant to Rule 12(b)(1) may make a facial or a factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge – which Defendants raise in this matter – "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (internal citation omitted). In resolving a factual attack on jurisdiction, the court "need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039.

**A.     Judicial Review of Agency Action Under the Administrative Procedure Act**

Defendants argue that because Plaintiff cannot establish that its claims satisfy the requirements for judicial review under the APA, there is no waiver of sovereign immunity for the claims, mandating dismissal for lack of subject matter jurisdiction.  Plaintiff, however, maintains that it is has demonstrated that its claims qualify for judicial review under § 704 of the APA and they therefore fall within the purview of claims for which the APA subjects the Government to suit.

Generally, the APA allows plaintiffs to seek judicial review of federal agency actions and to obtain non-monetary relief for legal wrongs resulting from a final action undertaken by an agency or by an agency officer or employee.  5 U.S.C. §§ 702, 704, 706.  The APA does not independently confer jurisdiction on district courts; rather it prescribes standards for judicial review of an agency action once jurisdiction is otherwise established.  *See Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1198 (9th Cir. 1998).  Where a plaintiff seeks review of agency action not otherwise provided for or prohibited by statute, subject matter jurisdiction exists under 28 U.S.C. § 1331(a).  *Id.*; *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 889 (2004) ("The default rule is that agency actions are reviewable under federal question jurisdiction . . . .").  Concurrently, § 702 of the APA waives sovereign immunity in actions against the government challenging agency action and seeking relief other than money damages.  5 U.S.C. § 702.  "Thus, while the APA does not confer a district court with jurisdiction, it does provide a waiver of sovereign immunity in suits seeking review of a federal agency action under § 1331." *Gallo Cattle Co.*, 159 F.3d at 1198.  The APA's waiver of sovereign immunity, however, is not unlimited.  *Id*.  Particularly, under § 704 only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  5 U.S.C. § 704.  In this case, Plaintiff has not identified a statutory basis providing for judicial review, but asserts its claims pursuant to §§ 702 and 706 of the APA.  Compl. ¶ 7.  Consequently, § 704's latter requirements control and Plaintiff must demonstrate that the action it challenges – the Government's filing of the *1840 Embarcadero* forfeiture lawsuit – qualifies as a "final agency action for which there is no other adequate remedy in court."  *See Gallo Cattle Co.*, 159 F.3d at 1198; *Oregon Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir.

4

2006). The Court will examine each requirement in turn.

1. <u>Other Adequate Judicial Remedy</u>

The parties first dispute whether Plaintiff has an adequate judicial remedy to challenge the Government's filing of the forfeiture proceeding. Defendants contend that the claim process set forth in the civil forfeiture statute, 18 U.S.C. § 983(a)(4)(A), and Supplemental Rule G(5)(a)(i) provide the proper and exclusive avenue for parties with interests in the defendant real property to assert any challenges to the legality of the *1840 Embarcadero* forfeiture action. According to Defendants, the claim process established under Rule G(5)(a)(i) provides an adequate remedy and thereby forecloses Plaintiff from asserting a collateral attack on the proceeding pursuant to the APA.

Reviewing Supplemental Rule G(5)(a)(i), its plain language limits the class of potential claimants to those "who assert[] an interest in the defendant property." Here, Defendants charge – and Plaintiff concedes – that Plaintiff does not have a direct ownership or possessory interest in the defendant real property. Thus, it is undisputed that Plaintiff lacks standing to file a claim or otherwise participate in the *1840 Embarcadero* forfeiture proceeding as a claimant. *See United States v. $1,33,420 in U.S. Currency*, 672 F.3d 629, 637-38 (9th Cir. 2012) (Claimants in civil forfeiture actions meet standing requirement by showing they have a colorable interest in the property, which includes an ownership interest or a possessory interest). There also does not appear to be any dispute that if Plaintiff had a direct ownership or possessory interest in the property, but opted to file an APA claim rather than file a claim in the forfeiture action, the APA claim would be subject to dismissal because the claim process would allow Plaintiff to assert its challenge in court. The question presented here, then, is does the claims provision constitute an alternate adequate remedy given that Plaintiff lacks standing to avail itself of that process.

Defendants argue that the fact that Plaintiff lacks standing to file a claim does negate the adequacy of the claim process provided in Rule G(5)(a) for purposes of § 704. In support, Defendants point out that the remedy Plaintiff seeks through its APA's claims – dismissal of the forfeiture action – is identical to that which claimants may seek in the forfeiture proceeding. Defendants reason that "[t]he remedy available through the forfeiture scheme is plainly adequate

5

1 when it is the same remedy that Plaintiff seeks in this case." Reply at 6, Dkt. No. 41. On a broader
2 level, Defendants assert that permitting Plaintiff to proceed with its APA claims would render Rule
3 G(5)'s standing requirement meaningless, thereby allowing any individual to challenge the forfeiture
4 proceeding regardless of whether it had a sufficient interest in the defendant property, and would
5 allow Plaintiff and others to evade the time limit for filing a claim imposed by Rule G(5)(a)(ii).

6       Plaintiff, however, argues that Defendants' logic creates a "Twilight Zone" scenario, where
7 Plaintiff lacks standing to file a claim in the forfeiture proceeding and is also foreclosed from filing
8 an APA claim outside the forfeiture proceeding, ultimately leaving it without any means of raising its
9 challenges. Tr. 1/31/13 hearing, 10:11-14, Dkt. No. 52. It argues that while Rule G(5)(a)(i) may be
10 an adequate remedy for individuals who have a direct interest in the property, it is an inadequate
11 remedy for individuals and entities like it who lack a direct interest, but whose rights and interests are
12 nonetheless affected by the forfeiture. Thus, it asserts that while other individuals may have a means
13 to assert challenges to the forfeiture action as claimants, neither the Controlled Substances Act, the
14 civil forfeiture statute, or any other federal statute provides *Plaintiff* with an adequate judicial remedy
15 for the Government's alleged illegal action, thereby satisfying § 704's requirement.

16       The Court has carefully considered the parties' arguments and agrees with Defendants that
17 Rule G(5)(a)(i) provides an adequate remedy to challenge the *1840 Embarcadero* forfeiture action.
18 As Defendants point out, the relief Plaintiff seeks – specifically, a dismissal of the forfeiture action –
19 is available through the claims procedure established by Rule G(5)(a)(i). Congress has therefore
20 created a mechanism for individuals to raise challenges to a forfeiture proceeding and to protect their
21 interests as they relate to the defendant property, and in doing so, has also demarcated the class of
22 individuals who are authorized to raise such challenges. That Plaintiff falls outside the scope of that
23 class does not render the remedy provided in Rule G(5)(a)(i) inadequate; rather, it simply
24 demonstrates that the interests Plaintiff has identified – while significant and wide-reaching – are too
25 far removed from the defendant property to give it standing to challenge the *in rem* proceeding.
26 Stated another way, the forfeiture proceeding is focused on the defendant property and only those
27 with specific interests in that property are authorized to participate in the proceeding. As Defendants
28

6

persuasively point out, allowing Plaintiff to raise a collateral challenge to the forfeiture proceeding pursuant to the APA would vitiate both the standing and time-limit restrictions in Rule G(5) and grant Plaintiff greater ability to challenge the forfeiture proceeding than those who Congress identified as having the strongest interests in the defendant property. Based on these considerations, the Court finds that Rule G(5)(a)(i) provides an adequate remedy in court to challenge the pending forfeiture action. Consequently, judicial review is unavailable under § 704.

### 2. Final Agency Action

The parties also dispute whether the Government's filing of the *1840 Embarcadero* action constitutes "final agency action" under the APA § 704. As indicated above, in addition to demonstrating that no adequate judicial remedy exists, a plaintiff must demonstrate that it is challenging a final agency action to qualify for judicial review under § 704 of the APA. 5 U.S.C. § 704; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990). Section 551(13) of the APA defines "agency action" as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). As the Supreme Court explained, two conditions must be satisfied for agency action to be final: "First, the action must mark the consummation of the agency's decisionmaking process – it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations and quotations omitted); *see also Fairbanks N. Star Borough v. U.S. Army Corps of Eng'r*, 543 F.3d 586, 592 (9th Cir. 2008).

Plaintiff argues that, here, "the [Department of Justice] for all practical purposes made a final determination that it has statutory authority to proceed with the *Harborside Action* when it filed that action." Opp. at 14, Dkt. No. 39. It contends that the DOJ's action "constitutes a 'clear-cut' determination that the DOJ has the authority to file the *Harborisde Action*, and legal consequences flow from that action. The DOJ's action undermines Oakland's efforts to regulate medical cannabis dispensaries; jeopardizes the health and safety of Oakland citizens; and imposes economic and other harm set forth in the Complaint." *Id*.

7

Defendants, on the other hand, argue that filing a civil forfeiture action does not amount to final agency action for purposes of judicial review under the APA. Reply at 7. Citing *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004), Defendants assert that the Supreme Court has explained that the term "agency action" in § 704 is limited to the administrative activities specified in 5 U.S.C. § 551(13), which does not identify or otherwise encompass the act of filing a civil lawsuit. *Id*. Defendants further argue that "[u]nder Plaintiff's theory, every decision by the United States to initiate a criminal case or to bring an affirmative civil action could in turn be challenged through a separate lawsuit raising an APA claim under § 706." *Id*.

The Court has carefully considered the parties' arguments and agrees with Defendants that the Government's act of filing the forfeiture complaint in *1840 Embarcadero* does not qualify as final agency action under the APA. First, the filing of a civil action does not fit within the APA's definition of agency action: it is not a rule, order, license, sanction, form of relief, or failure to act. Second, the filing of a civil forfeiture complaint does not meet the criteria for finality. Even assuming that the filing of the forfeiture action amounted to the consummation of the DOJ's decision-making process, filing the complaint did not determine any rights or obligations and has not resulted in any legal consequences. To be sure, as the forfeiture action proceeds, there will be determinations as to the claimant's rights and defenses and ultimately as to whether forfeiture of the defendant property is appropriate. However, those determinations and legal consequences will flow from the Court's and jury's findings and decisions, not a decision by the DOJ. At most, the Government's conduct merely initiated that process, which it is authorized to do pursuant to pursuant to 21 U.S.C. § 881(a)(7).

Further, as Defendants note, Plaintiff has failed to provide any authority holding that filing a civil complaint qualifies as final agency action under § 704. In support of its argument, Plaintiff relies on *Athlone Indus., Inc. v. Consumer Prod. Safety Comm'n*, 707 F.2d 1485, 1487 & 1489 n.30 (D.C. Cir. 1983). In a footnote in that decision, the Circuit Court for the District of Columbia rejected an argument by the Consumer Product Safety Commission that the filing of a complaint to initiate administrative proceedings to assess penalties was not final agency action under the Supreme

8

Court's decision in *FTC v. Standard Oil Co.*, 449 U.S. 232 (1980). *Id.* Rather, the appellate court found that the Commission's act of filing an administrative complaint amounted to "a final determination that such proceedings were within its statutory jurisdiction," and demonstrated that the Commission had "taken a definitive position" on that issue. *Id. Athlone*, however, is distinguishable from the instant case. Most notably, *Athlone* analyzed the filing of a complaint in the administrative context; it therefore provides no guidance on whether filing a civil action constitutes final agency action. Further, the appellate court noted that the filing of the administrative complaint represented a "final determination" by the Commission that it had jurisdiction to assess penalties against Athlone in an administrative proceeding under the penalty provision of the Consumer Product Safety Act. *Id.* Effectively then, *Athlone* involved an agency's interpretation of a statute and whether its resulting action based on that interpretation exceeded its jurisdiction. Here, in contrast, the filing of the forfeiture complaint simply initiates a judicial process expressly authorized by statute and requires the Government to carry its burden of establishing that the defendant property facilitated illegal activities. Any decision-making about the authority to initiate civil forfeiture proceedings has been done by Congress when it enacted 21 U.S.C. § 881; Defendants are merely acting pursuant to that grant of authority. Finally, accepting Plaintiff's reasoning would mean that every civil or criminal lawsuit an agency filed pursuant to federal law would represent that agency's final determination that it has authority to take such action, and thus bring the agency's decision within § 704 of the APA. The Court sees no basis to support such an expansive definition of "final agency action" or application of the right to judicial review provided in § 704.

Accordingly, the Court finds that Plaintiff has failed to establish that the DOJ's filing of the *1840 Embarcadero* forfeiture action constitutes "final agency action" under § 704 of the APA, making dismissal appropriate for lack of subject matter jurisdiction. *See Oregon Nat'l Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006); *Ukiah Valley Med. Ctr. v. FTC*, 911 F.2d 261, 264 n.1 (9th Cir. 1990) ("finality is . . . a jurisdictional requirement").

3. <u>Summary</u>

In sum, the Court finds that Plaintiff has failed to establish that the requirements of § 704 are satisfied in this case. As a result, the Court lacks subject matter jurisdiction over this action, making dismissal appropriate.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Because this terminates the Court's jurisdiction, the Court does not address Defendants' challenges under Rule 12(b)(6).

**IT IS SO ORDERED.**

Dated: February 14, 2013

_____
Maria-Elena James
United States Magistrate Judge