UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| CITY OF OAKLAND,<br><br>            Plaintiff,<br>   v.<br>ERIC HOLDER, *et al.*,<br>            Defendants.<br>_____/ | No. C 12-05245 MEJ<br><br>**PRELIMINARY QUESTIONS FOR JUNE 20, 2013 HEARING ON OAKLAND'S MOTION TO STAY** |

      Pending before the Court is the City of Oakland's Motion to Stay Forfeiture Proceedings Pending Appeal. Dkt. No. 56. The motion is set for hearing before the Court on June 20, 2013. The Court has thoroughly reviewed the parties' briefs and cited authorities. To assist counsel in their preparation for the hearing, the Court presents the following questions to counsel to guide them in their argument.

1. As an initial matter, aside from the *1840 Embarcadero* case, the Court has related *United States v. Real Property and Improvements Located at 2106 Ringwood Ave., San Jose, California*, Case No. 12-3566 MEJ, which raises similar issues.

    Would the *2106 Ringwood Ave.* action also need to be stayed or may it proceed?

2 As the Government points out, rather than seeking to suspend enforcement of a judgment pending appeal in a single action, Oakland is seeking a stay *of a separate lawsuit* while it appeals this Court's dismissal order. Oakland provides minimal authority recognizing that this is a proper use of a stay.

    Does this lack of case law suggest that Oakland is asking the Court to exceed the appropriate use a stay or injunction?

    Is merely having a stake or interest in a related case sufficient to justify allowing a movant to seek a stay of a case to which it is not a party?

3.  It seems beyond dispute that the threshold issue raised by Oakland's lawsuit – specifically, whether a non-party may sue under the APA to enjoin the Government from proceeding with a civil forfeiture action – presents a novel a legal issue.

    Given the paucity of relevant authority on the issue, why wouldn't it be judicious to allow the Ninth Circuit to review this Court's decision about whether Oakland has standing under the APA to assert its challenges to the forfeiture proceedings?

    Is the novelty of the issue sufficient to meet the first criterion of the stay/injunction analysis or does Oakland still have to demonstrate some quantum of succeeding on the standing issue on appeal?

4.  With respect to the threat of irreparable injury, Oakland argues that if the *1840 Embarcadero* action proceeds, "Oakland will be prejudiced because a record on issues that overlap with Oakland's substantive claims will be developed without Oakland's ability to participate and shape that record." Mot. at 20. The thrust of Oakland's case is that the forfeiture action is barred by the statute of limitations and that the Government should be equitably estopped from proceeding against the property.

    What arguments can Oakland make on these issues that cannot be raised by the claimants such that its participation is essential to a full and fair consideration of those challenges?

5.  Oakland has made a persuasive argument that neither the Government nor the claimants will suffer any hardship if the *1840 Embarcadero* action is stayed.

    If the Court grants a stay, what is the anticipated time the stay would need to be in place?

    How will the Government be prejudiced during that period?

6.  With respect to the public interest factor, whether a municipality can challenge action by the federal government that it claims interferes with the health and safety of its citizens and with its regulatory scheme is a question that would seem to weigh heavily in favor of Oakland.

    What are the countervailing public interest considerations?

**IT IS SO ORDERED.**

Dated: June 19, 2013

_____
Maria-Elena James
United States Magistrate Judge